# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RICARDO LIMON-URENDA,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 16-4125-MWB<br><br>**OPINION AND ORDER REGARDING PETITIONER'S MOTION TO VACATE JUDGMENT AND TO PRODUCE THE JUROR QUESTIONNAIRE** |

_____

On January 24, 2018, I denied petitioner Ricardo Limon-Urenda's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion), as briefed by counsel, in which Limon-Urenda claimed that his trial counsel provided ineffective assistance by failing to object to a juror who knew the case agent and lead witness for the prosecution. On February 19, 2018, Limon-Urenda filed a Notice Of Appeal from my adverse rulings, including the denial of a certificate of appealability. On June 8, 2018, the Eighth Circuit Court of Appeals denied Limon-Urenda's request for a certificate of appealability and dismissed his appeal. Mandate issued on August 3, 2018.

On August 8, 2018, Limon-Urenda, through counsel, filed the Motion To Vacate Judgment And To Produce The Juror Questionnaire (Rule 60(b) Motion), pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which is now before me. In his Rule 60(b) Motion, Limon-Urenda seeks reopening of his § 2255 Motion, because he believes that his counsel should have sought and obtained the juror questionnaire for the juror he alleges should have been struck during *voir dire*. He seeks to vacate the judgment

on his § 2255 Motion, notwithstanding that his appeal has been dismissed and mandate has issued, and after the judgment is vacated, he seeks an order authorizing disclosure of the juror's questionnaire, followed by supplemental briefing, if necessary. He argues that his Rule 60(b) Motion should not be construed as a second or successive § 2255 Motion, because he does not seek to add any new issues. His counsel admits, however, that ineffective assistance of *habeas* counsel ordinarily is not a ground to reopen a § 2255 Motion, but he contends that Judge Kelly's dissent in *United States v. Lee*, 911 F.3d 272 (8th Cir. 2015), provides a good faith basis to reconsider that issue.

Here, Limon-Urenda's Rule 60(b) Motion is an attack on a claimed defect in the integrity of the federal habeas proceedings, which is an argument properly asserted in a Rule 60(b) motion. *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). However, "[u]nder Rule 60(b)(6), relief is only available 'where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Holmes v. United States*, No. 16-1078, 2018 WL 3638633, at *5 (8th Cir. Aug. 1, 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). Limon-Urenda cannot meet this standard.

First, alleged ineffective assistance of *habeas* counsel is not an "exceptional circumstance," "because '[t]here is no Sixth Amendment right to constitutionally effective counsel in § 2255 proceedings.'" *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010) (quoting *Abdullah v. Hedrick*, 392 F.3d 957, 964 (8th Cir. 2004)). "'Where there is no constitutional right to counsel there can be no right to effective assistance of counsel.'" *Id.* (quoting *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994)). Furthermore, failure to obtain the juror's questionnaire did not deprive Limon-Urenda of a "full and fair opportunity to litigate his claim" or prevent him "from receiving adequate redress." *Holmes*, 2018 WL 3638633, at *5. This is so, because the juror questionnaire

2

would have shed no light whatsoever on Limon-Urenda's claim that he was prejudiced because the juror knew the case agent, where the juror questionnaire included no information to potential jurors about the identity of the case agent or anyone else involved in the case. I find no basis to reopen this case.

THEREFORE, petitioner Limon-Urenda's August 8, 2018, Motion To Vacate Judgment And To Produce The Juror Questionnaire pursuant to Rule 60(b)(6) (docket no. 30) is **denied**.

FURTHERMORE, I conclude that Limon-Urenda has failed to make a substantial showing that the denial of his Rule 60(b) Motion is debatable among reasonable jurists, that a court could resolve any of the issues raised in that motion differently, or that any question raised in that motion deserves further proceedings. Consequently, a certificate of appealability is denied as to any argument or contention in Limon-Urenda's Rule 60(b) Motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS SO ORDERED**.

**DATED** this 30th day of August, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA